UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| VERTEX TOWER ASSETS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF THORNTON, NEW )<br>HAMPSHIRE, and PLANNING BOARD )<br>of the TOWN OF THORNTON, )<br>NEW HAMPSHIRE )<br>)<br>Defendants )<br>) | Civil Action No. 1:21-cv-00417 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I.   SUMMARY OF ARGUMENT

The TCA provides that an adverse ruling from a local land use board may be challenged in federal court when there is a "final action" by that local board. The United States Court of Appeals for First Circuit has held that a local land use board is not considered "final action" under the TCA when it is subject to further administrative review before another land use board. See Global Tower Assets, LLC v. Town of Rome, 810 F.3d 77, 81, 83 (1st Cir. 2016). Here, following the Planning Board's denial of the Plaintiff's land use application, the Plaintiff filed an administrative appeal with the Town of Thornton Zoning Board of Adjustment ("ZBA") challenging the Planning Board's decision under the Town of Thornton Telecommunications Ordinance ("TCO"). Following a public hearing on June 24, 2021, the ZBA granted the Plaintiff's administrative appeal finding that the Planning Board erred in its interpretation and application of the TCO, and remanded the matter back to the Planning Board for further

consideration in accordance with the TCO.  The Planning Board is currently scheduling a further public hearing on the application for August 19, 2021.

As a result, the underlying decision is not yet final for purposes of the TCA, and the current complaint should be dismissed, without prejudice to the Plaintiff re-filing such action following the Planning Board's decision on remand.

II.     STATEMENT OF FACTS

On August 25, 2020, the Plaintiff filed an application with the Planning Board site plan review to approve the siting of a telecommunications tower.  Complaint at ¶53.  Around this same time, the Plaintiff also applied to the ZBA for separate relief in the form of variances and waivers pertaining to the telecommunications tower height and appearance, as well as the location of utilities, and tree buffering.  Complaint at ¶54.[1]  The Planning Board held a series of public hearings on the Plaintiff's site plan application, and on April 15, 2021, the Planning Board voted to deny the application for two reasons.  First, that the access road leading to the proposed telecommunications tower was too steep and presented a danger to emergency access.  Second, the Planning Board determined that the Plaintiff failed to provide sufficient information concerning the potential detrimental effects of storm water run-off due to the topography of the site.  Complaint at ¶112.  The Planning Board issued a written notice of decision explaining the reasons for its decision on April 22, 2021.

On April 17, 2021, the Plaintiff, under separate legal counsel, filed an administrative appeal of the Planning Board's decision to the ZBA pursuant to New Hampshire Revised Statutes Annotated (RSA) 676:5, and the TCO.  See Exhibit 1.  On June 21, 2021, the ZBA held a public hearing on the appeal, and voted to overturn the Planning Board's decision and

---

[1] The ZBA granted the Plaintiff's variance and waiver requests on December 3, 2020.

2

remanded the matter back to the Planning Board for further review. Among other things, the ZBA determined that the Planning Board failed to follow, or otherwise misapplied, the terms of TCO (which are applicable to all telecommunications towers) when making its decision. See Exhibit 2. Upon information and belief, the Planning Board will hold a public hearing on the remand order on August 19, 2021.

III.    LEGAL STANDARD

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Decotiis v. Whittemore, 635 F.3d 22, 28–29 (1st Cir. 2011). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

IV.    ARGUMENT

The Plaintiff's current action should be dismissed as there has yet to be a final action by the Planning Board that is subject to challenge in this court. The TCA provides the process for challenging a local land use board's decision in federal court, and, in pertinent part, states:

> Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief.

Generally speaking, a "final action" of a local land use board is interpreted as being the written decision of that board. T-Mobile S., LLC v. City of Roswell, Ga., 574 U.S. 293 (2015) (stating that "[t]he relevant 'final action' is the issuance of the written notice of denial," because the

Telecommunications Act provides that a locality's denial "shall be in writing and supported by substantial evidence contained in a written record . . . ."). Here, were there no further administrative review process, the Plaintiff's complaint would be considered timely since it was filed within 30 days of the Planning Board's written notice of decision. Because there is still an ongoing administrative review process, however, final action has not occurred.

The United States Court of Appeals for the First Circuit defines the TCA's "final action" requirement as a decision "that marks the consummation of the instrumentality's decision-making process" rather than one "of a merely tentative or interlocutory nature." Global Tower Assets, LLC v. Town of Rome, 810 F.3d 77, 81, 83 (1st Cir. 2016). In Global Tower Assets, the Court held that the planning board's denial of a permit to construct a telecommunications tower was not a final action of that board because the plaintiff had not availed itself of the second stage of the state's administrative review process by appealing to the board of appeals. Id. at 88. As the Court noted in Global Assets, "[a] key purpose of the TCA . . . is to preserve state and local land use authority," and that "[t]hat purpose is obviously well served by construing the TCA to respect a state or locality's choice not to treat an initial administrative decision as the last word when that decision must be reviewed administratively before it may be reviewed judicially." Id. at 85.

In New Hampshire, decisions of local planning boards, while normally subject to direct court appeal, can be subject to administrative appeal to the ZBA if the decision is said to contain errors concerning the terms of the zoning ordinance, or upon any construction, interpretation, or application of the zoning ordinance. RSA 676:5, III; see also RSA 674:33, I (a)(1) ("The Zoning board of adjustment shall have the power to hear and decide appeals it is alleged there is error in any order, requirement, decision, or determination made by an administrative in the enforcement

4

of any zoning ordinance adopted pursuant to RSA 674:16."). The TCO was adopted in 2001 by the local legislative body and serves the function of a zoning ordinance, which both the Plaintiff and ZBA recognized in moving forward with an administrative appeal. In reversing the Planning Board's decision, and remanding the matter for further hearings, the ZBA cited the Planning Board's failure to adhere to the TCO, as well as certain variances and waivers previously granted to the Plaintiff under the ordinance, as support for its decision. Consequently, in light of the ZBA's ruling, the Plaintiff's application remains subject to local review and is not yet final under the TCA.

V.     CONCLUSION

Under these circumstances set forth above, the Planning Board's decision of April 22, 2021 cannot be considered "final action" under the TCA and this matter should be dismissed, without prejudice, pending a final decision following the Planning Board's remand hearing(s).

Respectfully Submitted,

TOWN OF THORNTON, NEW HAMPSHIRE, and TOWN OF THORNTON PLANNING BOARD

By Their Attorneys,

Date: July 22, 2021        /s/ Matthew R. Serge
Matthew R. Serge NHBA# 14243
Drummond, Woodsum & MacMahon
670 N. Commercial St., Suite 207
Manchester, NH 03101
(603) 716-2895
mserge@dwmlaw.com

## CERTIFICATION

  I hereby certify that this Memorandum of Law has been forwarded to opposing counsel of record via the court's electronic filing system.

              /s/ Matthew R. Serge
              Matthew R. Serge